### UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BASF CORPORATION,<br><br>            Plaintiff,<br><br>-against-<br><br>SEHAM, INC. d/b/a KO AUTO BODY,<br><br>            Defendant. | COMPLAINT AND DEMAND FOR JURY TRIAL<br><br><br>CIVIL ACTION<br>NO.1:22-cv-1580 |

### COMPLAINT

Plaintiff BASF Corporation ("BASF"), by and through undersigned counsel, as and for its Complaint against the above-captioned Seham, Inc. d/b/a KO Auto Body ("Defendant"), alleges as follows:

### THE PARTIES

1.      BASF is a citizen of the States of Delaware and New Jersey.  BASF is incorporated under the laws of the State of Delaware and has its principal place of business in the State of New Jersey.

2.      Defendant is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 4044 Boston Road, Bronx, NY 10475.  As its service of process name and address on file with the New York Department of State, Defendant identifies itself and its business address of 4044 Boston Road, Bronx, NY 10475.

3.      BASF is in the business of selling aftermarket paints, refinishes, coating, primers, thinners, and reducers as well as other related products and materials for the reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles (collectively, "Refinish Products").  BASF resells the Refinish Products to distributors that in

turn sell the Refinish Products to automotive body shops that are in the business of reconditioning, refinishing, and repainting of automobiles, trucks, and other vehicles.

4. Defendant is a body shop engaged in the business of refinishing and repainting automobiles, trucks, and other vehicles.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court over the subject matter of this action is predicated on 28 U.S.C. § 1332. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and complete diversity exists between the parties, as BASF is a citizen of the States of Delaware and New Jersey and Defendant is a citizen of the State of New York. Defendant is subject to the jurisdiction of this Court because, among other things, a substantial part of the events giving rise to this claim occurred in New York.

6. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District and Defendant is subject to the personal jurisdiction in this District.

7. Michigan substantive law governs BASF's claims per Paragraph 7 of the Requirements Agreement.

## GENERAL ALLEGATIONS

*The Terms of the Requirements Agreement*

8. On or about January 22, 2018, BASF and Defendant entered into a Requirements Agreement, a true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein by reference.

9. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to fulfill one hundred percent of its requirements for Refinish Products

up to a minimum purchase requirement of $789,000.00 in the aggregate with BASF Glasurit and RM products, at suggested refinish pricing ("Minimum Purchases").

10. Pursuant to Paragraph 3 of the Requirements Agreement, BASF paid Defendant $115,000.00 ("Contract Fulfillment Consideration") in consideration of fulfilling all of its obligations under the Requirements Agreement.

11. Pursuant to Paragraph 3 of the Requirements Agreement, if the Requirements Agreement were terminated for any reason prior to Defendant purchasing a minimum of $789,000.00 of Refinish Products, Defendant was required to refund the Contract Fulfillment Consideration to BASF pursuant to the following schedule:

| Purchases | Contract Fulfillment Consideration Refund |
| --- | --- |
| Less than 1/5 of Minimum Purchases | 110% |
| Less than 2/5 and greater than 1/5 of Minimum Purchases | 95% |
| Less than 3/5 and greater than 2/5 of Minimum Purchases | 75% |
| Less than 4/5 and greater than 3/5 of Minimum Purchases | 55% |
| Less than 5/5 and greater than 4/5 of Minimum Purchases | 35% |
| After 5/5 of Minimum Purchases | 0% |

12. Pursuant to Paragraph 5 of the Requirements Agreement, BASF loaned to Defendant certain equipment ("Loaned Equipment") for Defendant's use in conjunction with BASF Refinish Products.

13. Pursuant to Paragraph 5 of the Requirements Agreement, the Loaned Equipment is the property of BASF and was to be returned to BASF at the end of the Requirements Agreement.

***Defendant's Breach of the Requirements Agreement***

14. In or about May 2021, Defendant, without any legal justification, breached and ultimately terminated the Agreement by, among other things, switching to a competitor's Refinish Products and failing to fulfill one hundred percent of its requirements for Refinish Products with BASF Refinish Products purchased from a BASF authorized distributor before reaching its Minimum Purchases requirement of $789,000.00.

15. Accordingly, since at least May 2021, Defendant has failed and refused to purchase any further Refinish Products in violation of Paragraphs 1 and 2 of the Requirements Agreement.

16. Defendant's breach occurred prior to purchasing a minimum of $789,000.00 of Refinish Products. In fact, Defendant only purchased $103,548.00 worth of BASF Glasurit and RM Refinish Products, less than 1/5 of its Minimum Purchases requirement of $789,000.00. Accordingly, Defendant is required to refund 110% of the Contract Fulfillment Consideration to BASF, totaling $126,500.00. A purchase balance of at least $685,452.00 remains due and owing under the terms of the Requirements Agreement.

17. In violation of Paragraph 3 of the Requirements Agreement, Defendant has failed and refused to refund BASF $126,500.00, which represents 110% of the Contract Fulfillment Consideration.

18. Also, in violation of Paragraph 5 of the Requirements Agreement, Defendant has failed and refused to return the Loaned Equipment to BASF and has also failed and refused to refund the amount of $18,744.00, which represents the current value of the Loaned Equipment.

19. BASF has fulfilled its obligations and remains ready, willing, and able to perform all obligations, conditions, and covenants required under the Requirements Agreement.

20. By letter dated July 15, 2021, a true and accurate copies of which is attached hereto as **Exhibit B**, BASF gave Defendant notice that Defendant was in default of its contractual obligations and demanded a refund of the Contract Fulfillment Consideration. In addition, BASF notified Defendant that it would seek additional damages that it is entitled to if the matter progressed to litigation.

21. Despite the foregoing, Defendant has failed to satisfy its obligations under the terms of the Requirements Agreement.

## COUNT I

### Breach of Contract

22. BASF incorporates by reference the allegations contained in the above paragraphs.

23. Pursuant to Paragraphs 1 and 2 of the Requirements Agreement, Defendant was required to fulfill one hundred percent of its requirements for Refinish Products up to a minimum purchase requirement of $789,000.00 in the aggregate with BASF Glasurit and RM products, at suggested refinish pricing.

24. Despite its obligations under the Requirements Agreement and in breach thereof, Defendant instead purchased Refinish Products from BASF's competitor, has failed to meet its Minimum Purchases requirement under the Requirements Agreement, and failed to pay BASF the amounts due and owing thereunder.

25. As a result of the unjustified breach of the Requirements Agreement by Defendant without legal excuse and, pursuant to Paragraph 3 of the Requirements Agreement,

Defendant is obligated to repay to BASF $126,500.00, which represents 110% of the Contract Fulfillment Consideration.

26. Defendant has also breached the Requirements Agreement by failing to return the Loaned Equipment, and by failing and refusing to refund BASF the $18,744.00 current value of the Loaned Equipment.

27. As of the date of the filing of this Complaint, as a direct and proximate result of Defendant's breach, Defendant has damaged BASF under the Requirements Agreement as follows:

a. $126,500.00 for refund of 110% of the Contract Fulfillment Consideration;

b. The amount of $18,744.00 for the current value of the Loaned Equipment; and

c. The remaining balance of $685,452.00 of the Minimum Purchases requirement of $789,000.00.

28. BASF has performed and fulfilled all obligations and conditions above and beyond what was required of it under the terms of the Requirements Agreement.

29. Defendant's breaches of its obligations under the terms of the Requirements Agreement have resulted in damage to BASF in the amount of at least $830,696.00.

**WHEREFORE**, BASF demands judgment against Defendant, awarding an amount to be determined at trial, together with interest thereon, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may seem just and proper.

## COUNT II

### Unjust Enrichment

30. BASF incorporates by reference the allegations contained in the above paragraphs.

31. Through BASF's business relationship with Defendant, Defendant received the benefit of the $115,000.00 Contract Fulfillment Consideration given to Defendant by BASF.

32. Despite BASF's demand for repayment, Defendant has failed and refused to return the $115,000.00 Contract Fulfillment Consideration to BASF.

33. Through BASF's business relationship with Defendant, Defendant also received the benefit of the Loaned Equipment, the value of which is $18,744.00, which was loaned to Defendant by BASF.

34. Despite BASF's demand for the return of the Loaned Equipment, Defendant has failed and refused to return it to BASF.

35. Permitting Defendant to retain the unearned Contract Fulfillment Consideration and the Loaned Equipment when Defendant has terminated its business relationship with BASF and ceased purchasing BASF Refinish Products before purchasing at least $789,000.00 of BASF Refinish Products would result in inequity to BASF.

36. By reason of the foregoing, Defendant has been unjustly enriched by $133,744.00 for which BASF is entitled to be compensated in full by Defendant together with interest thereon.

**WHEREFORE**, BASF demands judgment against Defendant, awarding an amount to be determined at trial, but not less than $133,744.00, together with interest thereon, awarding

costs, counsel fees, and litigation expenses, and such other and further relief as the Court may seem just and proper.

## COUNT III

### Declaratory Relief

37. BASF incorporates by reference the allegations contained in the above paragraphs.

38. BASF requests a judicial declaration of BASF's and Defendant's respective rights under the Requirements Agreement.

39. An actual dispute and justiciable controversy presently exists between BASF and Defendant concerning each party's rights and obligations under the Requirements Agreement. Defendant contends that it has not breached the Requirements Agreement. BASF disagrees and contends that the Requirements Agreement is in full force and effect, and that Defendant is in breach of the Requirements Agreement.

40. A judicial declaration is necessary to establish BASF's and Defendant's rights and duties under the Requirements Agreement.

**WHEREFORE**, BASF demands declaratory judgment ruling that the Requirements Agreement is still in full force and effect, awarding costs, counsel fees, and litigation expenses, and such other and further relief as the Court may seem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), BASF demands a trial by jury on all counts and as to all issues.

**PRAYER FOR RELIEF**

**WHEREFORE**, BASF prays that this Court enter Judgment in its favor and against Defendant as follows:

a. Awarding BASF monetary damages in an amount to be determined at trial, but not less than $830,696.00 together with prejudgment interest;

b. Awarding BASF declaratory judgment in that the Requirements Agreement is in full force and effect;

c. Awarding BASF all costs and fees of this action as permitted by law; and

d. Awarding BASF such other and further relief as this Court deems just and proper.

Dated: April 4, 2022

Respectfully submitted,

By:  */s/ Caroline C. Marino*
Caroline C. Marino (CM7475)
cmarino@leaderberkon.com
Leader Berkon Colao & Silverstein LLP
630 Third Avenue, 17th Floor
New York, New York 10017
Telephone: (212) 486-2400
Fax: (212) 486-3099

*Attorneys for Plaintiff*
*BASF Corporation*